PER CURIAM.
In his application for re-hearing, plaintiff-appellee has assigned four alleged errors committed by us.
First. “The Court is in error in holding that the defendants are not 'bound by the judicial allegation in Article 1 of their original answer wherein they trace the Booty tract of land to James Bamber who acquired the tract from William R. Miller on August 29, 1898, in which title Bamber and Miller fixed the western boundary of the tract (which defendants admit is the same tract Shelby Booty now owns) as the land of B. B. Dees; and the records show that prior to the transfer from Miller to Bamber, (the latter being the admitted author in title of Booty), said Miller had fixed the boundary of the Dees land on the east as ‘commencing at north Township line, where a certain drain crosses said line and from thence down said drain to Little Silver Creek’,” contending that our holding is contrary to numerous decisions of the Supreme Court of this State to the effect that a person cannot controvert the title of one through whom he claims, citing decisions.
In the first place, we did not hold that defendants were not bound by their allegation in Article 1 of their answer. In the second place, we fully recognized the jurisprudence to the effect that when parties litigating in respect to their several and separate rights to certain property, trace their titles to one common source, neither of them is at liberty to deny the title of their common author or original vendor; but we specifically held that this rule of law was not applicable to the facts of this case. Most of the cases cited by the plaintiff-appellee involved a common vendor of the property in contest; such is not the present case. We have two separate tracts. Furthermore, as can be readily ascertained from the mere reading of our opinion, nowhere, except the deed from Miller to Dees is there mentioned a “conditional line” existing 'between the properties of the two litigants.
Second. “The Court was in error in holding or intimating that the conditional line on the west of plaintiff’s land has something to do with this controversy, wherein said line is described as beginning *829 at Little Silver Creek at tile mouth: of drean, thence up -stream to head,, and ran north to .Headright line,” contending that we evidently were confused as to the conditional line involved in this suit and contending that the conditional line mentioned in his deed of acquisition only described his western boundary. In -the first place, if what plaintiff contends, that is, that the conditional line mentioned in his deed is his western line, is true, then the record becomes more confusing to us in that, then, there are four drains running from Little Silver Creek, running north to the Head-right line. Again we state that there is no definite evidence in the record to show which of the four drains is meant in the deed from Miller to Dees, and whether it is the east or western boundary. Plaintiff bears the burden of proof to so establish the drain, and -the conditional line so referred to in his deed.
Third. “The Court is in error in stating that the action is in the -nature of an action of boundary,” contending the action is to correct the description in certain deeds affecting the prpperty of defendant on the west and one of slander of title. First, if it be one to correct the description of the western boundary of defendant’s property, then we say that since the record shows that from the sale of Miller to Lam-ber and on down to Shelby Booty, the defendant, the western boundary of defendant is not set out as being a conditional line. Furthermore, plaintiff in his application admits that B. M. Booty gave, in a mortgage to the Federal Land Bank of New Orleans, the western boundary of his property, as a ■ line dividing the east and west half, of Headright 40. He has not made parties to this suit the previous vendors, vendees and the Federal Land Bank of New Orleans. These are necessary parties before the description in the several deeds can be corrected or reformed, more so B. M. Booty and the Federal Land Bank. Second, if defendant is slandering plaintiff’s title, he has himself, and himself only, to blame. He foreclosed on the mortgage with the description of the property as purchased by the defendant, without in any way taking steps to correct the description. Again we say that we did not err when we considered the action as -one. in boundary, because to grant plaintiff the 'relief he prays for, we would be fixing his eastern boundary and the western boundary of defendant. ...
Fourth.. “The Court is in error, in finding and holding that plaintiff failed to prove the errors in the description in the deed under which defendants claim, and in finding and holding that Fortenberry and the Bootys were in good faith and suffer prejudice if the boundary ■ should be declared to be the conditional line fixed by Millér and Dees and by Miller and Bamber through whom the parties claim.” In an-to this contention of error, we respectfully say that after a thorough reconsideration of the -record, we aré firm in our conviction that we did not err in that the record fully justifies our conclusion.
■ Finding no error committed by us, the application for rehearing is refused.